ROBERT M. PARKER, Retired Circuit Judge.
Plaintiffs appeal from order of dismissal of their complaint under Rule 12(b)(6), A.R. Civ.P.
The complaint, a statutory action in the nature of ejectment, § 6-6-280, Code of Alabama 1975, is identical to Form number 32, Title 7, § 223, Code of Alabama 1940 (Recomp.1958). The defendant in her motion to dismiss stated: “There is no allegation that plaintiff, as of the present time, has any legal right to claim possession of said land.” The trial court in its order of dismissal stated: “For ought that appears in the complaint, the plaintiff was never in *537 lawful possession of the subject property, nor has any legal claim or right of possession to the subject property at this time.”
Section 6-6-280(b), Code of Alabama 1975, states:
“An action for the recovery of land or the possession thereof in the nature of an action in ejectment may be maintained without a statement of any lease or demise to the plaintiff or ouster by a casual or nominal ejector, and the complaint is sufficient if it alleges that the plaintiff was possessed of the premises or has the legal title thereto, properly designating or describing them, and that the defendant entered thereupon and unlawfully withholds and detains the same.”
The complaint meets the requirements of the statute’s first alternative. Rule 8(a)(1), A.R.Civ.P., requires that a pleading set forth “a short and plain statement of the claim showing that the pleader is entitled to relief.” Under this rule the prime purpose of pleadings is to give notice. Rule 8(a)(1), A.R.Civ.P., interacts with Rule 12(b)(6), A.R.Civ.P., which permits dismissal of a complaint for “failure to state a claim upon which relief can be granted.” Stated in other terms, “[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Fraternal Order of Police, Strawberry Lodge # ⅛0 v. Entrekin, 294 Ala. 201, 314 So.2d 663 (1975).
The complaint, in this case, meets the requirements of Rule 8(a)(1) and § 6-6-280(b) of the Code, and it was error to dismiss the complaint. The grounds specified in defendant’s motion and the trial court’s order of dismissal are matters of proof in the case.
REVERSED AND REMANDED.
All the Judges concur.